*RESUBMIT GLD-404                                          NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-2184
_____

PATRICK S. MCPHERRON,
                                        Appellant

v.

THOMAS HOGAN; THE DISTRICT ATTORNEY OF THE
COUNTY OF CHESTER COUNTY; THE ATTORNEY GENERAL
OF THE STATE OF PENNSYLVANIA
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civ. No. 2-12-cv-00589)
District Judge:  Honorable J. Curtis Joyner
_____

Submitted on Appellant's Request for a Certificate of
Appealability Under 28 U.S.C. § 2253(c)(1) and for Possible
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
August 22, 2013

Before:  FUENTES, FISHER and VANASKIE, Circuit Judges

(Opinion filed: September 19, 2013)
_____

OPINION
_____

PER CURIAM

    Patrick S. McPherron filed pro se a habeas petition challenging his 2010

convictions by the Pennsylvania Court of Common Pleas for Chester County.  The

District Court denied the petition in its entirety with prejudice as procedurally defaulted. The District Court, which adopted the Magistrate Judge's Report and Recommendation ("R&R"), relied in part on the Magistrate Judge's conclusions that McPherron has not sought relief under Pennsylvania's Post Conviction Relief Act ("PCRA"), 42 Pa. Cons. Stat. §§ 9541-9546, and that his time for doing so has expired. (R&R at 7, 8.) McPherron seeks a certificate of appealability ("COA").

In reviewing McPherron's application, we noted that he actually has until January 14, 2014, to file a PCRA petition.[1] We further noted that that fact might make certain of his claims unexhausted rather than procedurally defaulted, and we directed the Commonwealth to show cause why the District Court's judgment should not be vacated and this matter remanded for that reason. In response, the Commonwealth appears to agree that McPherron still has time to file a PCRA petition. The Commonwealth has not shown cause why we should not vacate and remand, however, and indeed has not argued that this appeal should be resolved in any particular way. We now grant McPherron's application for a COA[2] and will vacate and remand for further proceedings.

---

[1] PCRA petitions generally must be filed "within one year of the date the judgment becomes final." 42 Pa. Cons. Stat. § 9545(b)(1). "[A] judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." Id. § 9545(b)(3). The Pennsylvania Supreme Court denied allowance of appeal on May 31, 2012, and denied rehearing on June 22, 2012. The United States Supreme Court then denied certiorari on January 14, 2013 (No. 12-7240).

[2] Jurists of reason would debate both the District Court's procedural ruling and whether the claims noted below state valid claims of the denial of a constitutional right, particularly in light of the fact that the District Court did not reach the merits of those claims. See 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 484 (2000);

2

Whether McPherron's ability to file a PCRA petition undermines the District Court's procedural default analysis depends on whether he asserted claims that he may still bring under the PCRA. The District Court's conclusion that McPherron's time to seek PCRA relief has expired left it with no need to make that determination, but we will remand for it to do so now. In that regard, we note that some of McPherron's assertions could be read as attempts to assert claims that he may still bring under the PCRA. In Ground Two of his habeas petition, for example, he challenges the validity of a warrant and asserts that "I told public defender witness perjured herself at preliminary hearing, had proof, and they did nothing." (ECF No. 4 at 7.) Pennsylvania defendants generally must raise claims of ineffective assistance of counsel in a PCRA petition rather than on direct appeal. See Commonwealth v. Grant, 813 A.2d 726, 738 (Pa. 2002).

In addition, in Ground Four, McPherron challenges the withholding of allegedly exculpatory evidence and asserts that "I'm in forma pauperis, so the state won't even send me a free copy of the transcripts[.]" (Id. at 11.) This assertion potentially states a claim of the denial of transcripts for use on appeal in violation of Griffin v. Illinois, 351 U.S. 12, 19 (1956). Although we do not decide the issue, it appears that Pennsylvania courts sometimes review similar claims in the first instance under the PCRA. See Commonwealth v. Williams, 950 A.2d 294, 317-18 (Pa. 2008).

We recognize that McPherron's filings are largely delusional or incoherent and that he has not set these assertions forth as discrete claims for relief or developed them in

---

Morris v. Horn, 187 F.3d 333, 341 (3d Cir. 1999). We thus have jurisdiction under 28 U.S.C. § 1291.

3

any meaningful way. Given the liberal construction afforded to pro se filings, however, it appears that McPherron may be attempting to seek relief on potentially valid grounds that he can still raise in state court. As the District Court's ruling now stands, McPherron would not be able to file another federal habeas petition after exhausting such claims in state court without satisfying the stringent requirements of 28 U.S.C. § 2244(b), which any claims he may currently have necessarily do not do.

Thus, in an abundance of caution, we will vacate and remand. On remand, the District Court should determine whether McPherron has asserted any claim that he still has an opportunity to exhaust in state court and, if so, take such further action as may be appropriate with respect to his "mixed" petition. See Rhines v. Weber, 544 U.S. 269, 273, 278 (2005); 28 U.S.C. § 2254(b)(2). McPherron's other motions are denied.[3]

---

[3] We do not reach the substance of the District Court's procedural default analysis because one of the options in addressing a mixed petition is to dismiss it in its entirety without prejudice so that the petitioner can file a completely exhausted petition in the future. See Rhines, 544 U.S. at 274. We nevertheless note that, although the Pennsylvania Superior Court appears to have deemed McPherron's claims waived on direct appeal under Pa. R. App. P. 2119(a), and not under the rules referenced in the R&R, McPherron has given us no reason to question the District Court's analysis.