DLD-276 & DLD-277                                        **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

Nos. 14-4336 & 15-1415
_____

PATRICK S. MCPHERRON,
                                        Appellant

v.

THE DISTRICT ATTORNEY OF THE COUNTY OF CHESTER;
THE ATTORNEY GENERAL OF THE COMMONWEALTH OF PENNSYLVANIA
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civ. No. 2-12-cv-00589)
District Judge: Honorable J. Curtis Joyner
_____

Submitted on Appellant's Applications for a Certificate
of Appealability, and No. 15-1415 submitted for Possible Summary
Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
July 23, 2015
Before: FISHER, SHWARTZ and GREENBERG, <u>Circuit</u> <u>Judges</u>

(Opinion filed: July 29, 2015)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Patrick S. McPherron appeals from orders of the District Court denying numerous motions in this habeas proceeding and imposing a filing injunction. In C.A. No. 14-4336, we deny a certificate of appealability ("COA"). In C.A. No. 15-1415, we grant a COA in part and will affirm in part, vacate in part, and remand for further proceedings.

I.

McPherron's efforts to seek relief from his relatively recent convictions have spawned already protracted proceedings in both state and federal court. In 2010, McPherron was convicted in Chester County, of 30 counts of harassment and unlawful use of a computer for hacking into his former wife's e-mail account. The trial court sentenced him to 77 years of probation with various conditions. The Pennsylvania Superior Court, following two remands to address issues concerning appointment of counsel, affirmed in 2012.

McPherron then filed both a petition for allowance of appeal to the Pennsylvania Supreme Court (which that court later denied) and the federal habeas petition at issue here. McPherron also has filed some 90 other motions during the life of this proceeding. The District Court initially denied his habeas petition as procedurally defaulted on the ground that he waived any claims he could have asserted on direct appeal and that his time to file a petition under Pennsylvania's Post Conviction Relief Act ("PCRA") had expired. On McPherron's appeal, we granted a COA and remanded for further consideration because he in fact still had time to file a PCRA petition. See McPherron v. Hogan, C.A. No. 13-2184, 537 F. App'x 16 (3d Cir. 2013) (per curiam), cert. dismissed, 134 S. Ct. 1545 (2014). In doing so, we noted that McPherron's filings are largely

2

delusional and incoherent and that he had not meaningfully developed any of his constitutional claims. See id. at 17. We remanded in an abundance of caution, however, because it appeared that he may have been attempting to pursue claims that were potentially valid for COA purposes. See id. at 16-17 & n.2.

After we remanded, McPherron filed a PCRA petition addressed to his underlying convictions. In the meantime, the Pennsylvania trial court had revoked his probation and sentenced him to 18 to 36 months in prison. McPherron appealed that ruling to the Superior Court at No. 1808 EDA 2013. The PCRA court dismissed McPherron's PCRA petition without prejudice to his ability to refile it following the Superior Court's resolution of that appeal, and McPherron appealed that ruling too at Superior Court No. 61 EDA 2014. The Superior Court later quashed McPherron's probation-revocation appeal for failure to file a brief, but his appeal from the dismissal without prejudice of his PCRA petition remained pending.

For that reason, the District Court on remand dismissed McPherron's habeas petition without prejudice for failure to exhaust. McPherron appealed that ruling, and we denied a COA. (C.A. No. 14-1692, June 16, 2014 Order.) In doing so, "we reiterate[d] that the District Court's dismissal is without prejudice to [McPherron's] ability to file a habeas petition addressed to his underlying convictions after the conclusion of his [PCRA] proceeding . . ., including his PCRA appeal." (Id.)

McPherron later resumed filing motions in the District Court, including a "petition for federal relief" (ECF No. 97) by which he sought to file a new habeas petition. McPherron argued that exhaustion was now complete because the Superior Court

3

quashed his PCRA appeal on July 22, 2014. The District Court directed the Commonwealth to respond and, by order entered October 3, 2014, it denied the motion because the Superior Court reinstated McPherron's PCRA appeal on August 6, 2014, and it again remained pending. McPherron appeals from that order at C.A. No. 14-4336.

Thereafter, McPherron filed 28 more motions, 10 of which the District Court denied by orders from which McPherron did not appeal. McPherron's other motions included motions to disqualify the District Judge and the exhaustion-related motions at ECF Nos. 127 and 128. In those two motions, McPherron argued that the Superior Court had again quashed his PCRA appeal on October 24, 2014. Because the PCRA court had dismissed McPherron's PCRA petition without prejudice in light of his probation-revocation appeal, and because the Superior Court had quashed both that appeal and McPherron's PCRA appeal, the Superior Court's resolution of the PCRA appeal should have meant that McPherron could proceed with his PCRA petition.

McPherron attempted to do so by filing a "motion for ruling on merits of PCRA petition" on November 10, 2014, which remains pending on the PCRA docket. Just four days later, however, the PCRA court sent McPherron a letter notifying him that "NO action will be taken regarding th[is] filing[]" because "I have ruled on your PCRA petition[.]" (ECF No. 128 at 3.) Thus, it appears that the PCRA court views the matter as concluded. In ECF Nos. 127 and 128, McPherron argued that he had exhausted his state-court remedies or that exhaustion should be excused for these reasons.

By order entered January 23, 2015, the District Court summarily denied these and McPherron's other pending motions on the ground that they "are frivolous, fail to state

4

viable claims for relief and arise out of matters that have been fully and finally adjudicated to conclusion in this Court in this Civil Action" and in McPherron's other cases as discussed below. (ECF No. 147 at 1.) The District Court also directed its Clerk to reject any further filings in this matter and imposed restrictions on McPherron's ability to file new actions in the future. McPherron appeals from those rulings at C.A. No. 15-1415.[1]

## II.

### A. McPherron's COA Applications in Both Appeals

With the exception of several motions to disqualify the District Judge, all of McPherron's motions essentially sought an immediate ruling and relief on the merits of his habeas claims. Thus, we construe those motions as motions under Fed. R. Civ. P. 60(b) seeking relief from the District Court's order of March 12, 2014, dismissing his habeas petition without prejudice for failure to exhaust.

A COA is required to appeal the denial of habeas-related Rule 60(b) motions. See Morris v. Horn, 187 F.3d 333, 340-41 (3d Cir. 1999). But see Wilson v. Sec'y Pa. Dep't of Corr., 782 F.3d 110, 115 (3d Cir. 2015) (noting that "the vitality of [this holding in

---

[1] In addition to those rulings, the District Court wrote that "this action is again DISMISSED WITH PREJUDICE pursuant to 28 U.S.C. § 1915(e)(2)." (ECF No. 147 at 1.) The District Court never previously dismissed this action with prejudice or pursuant to § 1915(e)(2), and the Prison Litigation Reform Act does not apply to true habeas petitions under 28 U.S.C. § 2254. See Santana v. United States, 98 F.3d 752, 756 (3d Cir. 1996). The District Court did dismiss McPherron's action at E.D. Pa. Civ. No. 2-13-cv-04477 with prejudice pursuant to § 1915(e)(2), and it entered the show cause order in that action that led to the filing injunction in this one. The District Court apparently mistook that action for this one in purporting to "again" dismiss this action with prejudice pursuant to § 1915(e)(2). We thus regard that portion of the District Court's order as inadvertent and a nullity.

Morris] is undermined somewhat by . . . Harbison v. Bell," 556 U.S. 180, 183 (2009), but not deciding whether Harbison has abrogated it). We previously concluded that McPherron has stated potentially valid constitutional claims for purposes of the COA requirement, see McPherron, 537 F. App'x at 16-17 & n.2, so he is entitled to a COA if jurists of reason would debate the reasons for the District Court's denial of these motions, see Slack v. McDaniel, 529 U.S. 473, 484 (2000); Morris, 187 F.3d at 341.

In C.A. No. 14-4336, jurists of reason would not debate the District Court's order of October 3, 2014, denying McPherron's "petition for federal relief" at ECF No. 97. McPherron argued that his state-court remedies were now exhausted because the Superior Court had quashed his PCRA appeal. As the District Court correctly concluded, however, McPherron still had not exhausted his state-court remedies because the Superior Court later reinstated that appeal and it remained pending at that time. For the same reason, we would affirm in C.A. No. 14-4336 to the extent that Harbison may have abrogated the requirement that McPherron obtain a COA.

In C.A. No. 15-1415, however, jurists of reason would debate the District Court's denial of McPherron's motions at ECF Nos. 127 and 128. In those motions, McPherron argued that he had exhausted his claims or that exhaustion should be excused because the PCRA court was refusing to rule on the merits of his PCRA petition even though it had dismissed that petition without prejudice pending his parole-revocation appeal and both that appeal and his PCRA appeal had been resolved. Although we express no opinion on the merits of that issue, it appears that McPherron may be right.

6

McPherron submitted a letter from the PCRA court in which it asserted that it would take no action on his renewed PCRA petition because "I have ruled on your PCRA petition" and "there is nothing pending before me." (ECF No. 128 at 3.) The PCRA court's previous ruling, however, was merely to dismiss McPherron's PCRA petition without prejudice in light of a then-pending appeal that has since been resolved in a way that does not appear to preclude PCRA relief. Thus, it appears that the PCRA court views the matter as closed without having addressed the merits of McPherron's PCRA claims (or having concluded that they are procedurally barred). That circumstance may mean that McPherron has exhausted his PCRA claims or that exhaustion should be excused. See 28 U.S.C. § 2254(b)(1); see also Rainey v. Varner, 603 F.3d 189, 198 (3d Cir. 2010) ("Fair presentation by the petitioner to the state courts is sufficient [to exhaust]; the claims need not have been considered or discussed by those courts.") (quotation marks omitted); Gonce v. Redman, 780 F.2d 333, 336 (3d Cir. 1985) ("[T]he test of exhaustion is not whether the state courts have considered a petitioner's claims, but whether they were afforded an opportunity to do so.").

In summarily denying these and McPherron's other motions, the District Court wrote that they "are frivolous, fail to state viable claims for relief and arise out of matters that have been fully and finally adjudicated to conclusion in this Court in this Civil Action." (ECF No. 147 at 1.) That is true of most of McPherron's motions, but it is not true of his motions at ECF Nos. 127 and 128 seeking relief on the basis of these new and previously unaddressed developments. Thus, McPherron's application for a COA in C.A. No. 15-1415 is granted as to the denial of these motions (but is otherwise denied).

B.     The Merits of C.A. No. 15-1415

Before us in this appeal are: (1) the District Court's denial of the Rule 60(b) motions at ECF Nos. 127 and 128 just discussed; (2) its denial of McPherron's motions to disqualify the District Judge at ECF Nos. 135, 138, and 145; and (3) its imposition of filing restrictions. We have granted a COA on the first issue and the others do not require one. See 28 U.S.C. § 2253(c)(1)(B); Harbison, 556 U.S. at 183. We thus have jurisdiction under 28 U.S.C. § 1291. We review each ruling for abuse of discretion. See Securacomm Consulting, Inc. v. Securacom Inc., 224 F.3d 273, 278 (3d Cir. 2000) (disqualification); Brow v. Farrelly, 994 F.2d 1027, 1032 (3d Cir. 1993) (filing injunction); Morris, 187 F.3d at 341 (Rule 60(b)). The District Judge did not abuse his discretion in declining to recuse himself,[2] but we are constrained to conclude otherwise with respect to McPherron's Rule 60(b) motions and the filing restrictions.

The District Court's reasons for denying McPherron's Rule 60(b) motions were erroneous as discussed above. The District Court previously dismissed McPherron's petition without staying it, so our order denying a COA in his previous appeal contemplated that he could file a new habeas petition at the appropriate time, not that he could seek to reopen this proceeding. McPherron, however, is a pro se prisoner who clearly is seeking a ruling on his habeas claims. And he did indeed attempt to file a new

---

[2] McPherron has based his various disqualification motions on (1) the District Judge's previous service in the Chester County District Attorney's Office and on the Chester County Court of Common Pleas many years before McPherron's prosecution and (2) his dissatisfaction with the District Court's legal rulings. Neither circumstance demonstrates any actual bias or raises an appearance of partiality. See, e.g., 28 U.S.C. § 455(a), (b)(1)-(3); Liteky v. United States, 510 U.S. 540, 555 (1994).

habeas petition with his "petition for federal relief" at ECF No. 97, in which his cover letter to the Clerk stated that "Appears to be new case, habeas corpus petition" and that he would forward the filing fee.  (ECF No. 97 at 4.)

Moreover, the District Court previously recognized that exhaustion might state a basis for post-judgment relief because it directed the Commonwealth to address exhaustion in response to ECF No. 97 and then addressed exhaustion itself.  The motions at ECF Nos. 127 and 128 raised new circumstances suggesting that the exhaustion requirement should be deemed satisfied, and they were entitled to the same consideration. Thus, we will vacate the District Court's order of January 23, 2015, to the extent that it denied these motions and will remand for further consideration.[3]

We will also vacate the filing restrictions.  By way of further background, McPherron has filed six other actions in the District Court, five of which are summarized in the margin.[4]  In E.D. Pa. Civ. No. 2-13-cv-04477, McPherron filed another habeas

---

[3] If the District Court concludes that McPherron may now proceed with a habeas petition, then it may wish to direct its Clerk to docket ECF No. 127 as a separate action as of the date McPherron filed it.  The District Court may also wish to direct McPherron to file one, all-inclusive petition on the § 2254 standard form in that proceeding.  We note that habeas petitions may be denied on the merits despite any failure to exhaust.  See 28 U.S.C. § 2254(b)(2).  Thus, to avoid any further delays, the District Court may wish to call for a response from the Commonwealth in this or any separately docketed proceeding as to both exhaustion/procedural default and the merits.  If the District Court were to determine that McPherron's claims lack merit, and subject to appellate review, McPherron will have had his one opportunity to seek habeas relief in federal court and will be subject to the restrictions on filing second or successive petitions contained in 28 U.S.C. § 2244(b).  We express no opinion on the merits of McPherron's claims.

[4] McPherron filed two complaints under 42 U.S.C. § 1983 against various defendants alleging that his prosecution and convictions are unconstitutional.  (E.D. Pa. Civ. Nos. 2-10-cv-03851 & 2-10-cv-04125.)  The District Court dismissed those actions on Rule 12(b)(6) motions in 2013.  McPherron also filed habeas-like § 1983 actions at E.D. Pa. Civ. Nos. 2-13-cv-04010 and 2-13-cv-04473, which the District Court dismissed because he failed to submit

petition along with a series of motions virtually identical to those at issue here. By order entered September 23, 2013, the District Court summarily dismissed that petition and directed McPherron to show cause "why he should not be hereafter enjoined from filing further complaints in this Court without first obtaining Court approval." (ECF No. 11.) McPherron filed a response, but the District Court took no action on the show cause order at that time and has taken none in that case. McPherron did not appeal from that ruling.

After McPherron continued to file motions in this proceeding, the District Court then imposed the two filing restrictions at issue here. The District Court ordered its Clerk "to reject and return any and all future filings which Plaintiff endeavors to file in this matter." (ECF No. 147 at 2.) The District Court also ordered that "Petitioner is now HEREBY ENJOINED FROM FILING ANY new action or proceeding in the [District Court] without first obtaining leave of this Court in accordance with the procedures specified hereafter[.]" (Id.)

Filing injunctions "are extreme remedies and should be . . . sparingly used." In re Packer Ave. Assocs., 884 F.2d 745, 747 (3d Cir. 1989). They are not appropriate "absent exigent circumstances, such as a litigant's continuous abuse of the judicial process by filing meritless and repetitive actions." Brow, 994 F.2d at 1038. Such injunctions require prior notice and "must be narrowly tailored to fit the particular circumstances of the case before the District Court." Id. We assume for present purposes that the order to

proper motions for leave to proceed in forma pauperis. McPherron filed still another habeas-like § 1983 action at E.D. Pa. Civ. No. 2-14-cv-01177. By order entered May 1, 2015, the District Court (through a different District Judge) denied several of McPherron's motions, dismissed the action, and imposed restrictions on his ability to file new requests for relief based on his 2010 convictions and 2013 parole revocation. McPherron has filed a notice of appeal from that order at C.A. No. 15-2167, but it is not ripe for consideration.

10

show cause entered over one year earlier in E.D. Pa. Civ. No. 2-13-cv-04477 gave McPherron adequate notice that he faced imposition of a filing injunction for his conduct in this case. Under the circumstances, however, neither restriction can stand.

Taking them in reverse order, McPherron has been an abusive litigant in the relatively small number of actions he has filed thus far, but his institution of those actions does not warrant a restriction on his ability to file future actions of any kind. The District Court appears to have concluded that it does because McPherron repeatedly raised "matters that have been fully and finally adjudicated to conclusion in this Court in this Civil Action and in Civil Action Nos. 10-3851, 10-4125, 13-4010, 13-4477, 14-1177, 14-4010 and 14-4125." (ECF No. 147 at 1.)

The District Court's reliance on most of these actions, however, was misplaced.[5] McPherron's habeas proceeding at No. 13-4477 was indeed duplicative of this case because it sought to assert the same habeas claims, but those claims have not been "fully and finally adjudicated to conclusion." All that has been "fully and finally adjudicated to conclusion" is that McPherron may not proceed with his habeas claims without first exhausting his state-court remedies, and several of McPherron's motions were based on new developments in state court legitimately suggesting that the exhaustion requirement should be deemed satisfied. Thus, these circumstances do not warrant a blanket

---

[5] The last two of these actions did not involve McPherron at all, and nothing was adjudicated in No. 13-4010. The first two of these actions asserted § 1983 claims that McPherron's subsequent actions did not attempt to relitigate. No. 14-1177 was still ongoing at the time and the District Court had construed it as a § 1983 action raising unrelated claims regarding prison conditions and excessive force.

restriction on his ability to file any future actions of any kind.  See Chipps v. U.S. Dist. Ct., 882 F.2d 72, 73 (3d Cir. 1989).[6]

Nor is there a basis to preclude McPherron from filing any further documents in this proceeding because, in light of our remand, he may be entitled to file additional documents depending on how the District Court elects to proceed.  We recognize that, some legitimate arguments regarding exhaustion aside, his motions appear largely delusional and incoherent.  Their number and repetitive nature also make them vexatious and abusive.  We certainly do not condone McPherron's repetitive filings, and we understand both the District Court's frustration and its need to ensure that he ceases to consume an inordinate amount of its time.  Now that we are remanding, however, the District Court will need to reconsider how best to do so.  McPherron is cautioned that, if he persists in filing repetitive motions on remand, the District Court may well be within its discretion in imposing future filing restrictions.[7]

## III.

For the foregoing reasons, McPherron's application for a COA in C.A. No. 14-4336 is denied.  McPherron's application for a COA in C.A. No. 15-1415 is granted as to

---

[6] We express no opinion on the validity or effect of the filing injunction imposed in E.D. Pa. Civ. No. 2-14-cv-01177, which appears to be narrower in scope.

[7] If the District Court were to permit McPherron to proceed with a habeas petition, for example, the court could consider entering an order limiting his filings to one habeas petition, one reply to the Commonwealth's response, one set of objections to any Magistrate Judge's Report and Recommendations, and one motion for reconsideration. The order could further provide that these filings must be captioned as such and that no action will be taken on any that are not so captioned or on any filings in addition to these. We express no definitive opinion on whether such a filing restriction would be warranted under the particular circumstances then existing.

the District Court's denial of his motions at ECF Nos. 127 and 128 but is otherwise denied. We will vacate the District Court's order entered January 23, 2015, to the extent that it denied those motions and will remand for further proceedings. We will also vacate that order to the extent that it directs the District Court's Clerk "to reject and return any and all future filings which Plaintiff endeavors to file in this matter" and to the extent it provides that "Petitioner is now HEREBY ENJOINED FROM FILING ANY new action or proceeding in the [District Court] without first obtaining leave of this Court." We will otherwise affirm. McPherron's motions in this Court are denied except to the extent that they ask us to consider arguments raised therein or documents attached thereto, which we have done.